**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 26 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Kevin P. Weimer, Clerk
By 
   Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EMMANUEL AIYE AKHATSEGBE<br>  AKA "MADRID SPAIN,"<br>  AKA "SYRIA GHANA," AND<br>CHRISTIAN AKHATSEGBE<br>  AKA "CEQUENCE,"<br>  AKA "PATIO CUBES,"<br>  AKA "PAUL NAM,"<br>  AKA "BASH BAT,"<br>  AKA "BASH PORT,"<br>  AKA "ABBEY BANKS,"<br>  AKA "ABBEY BANKZ,"<br>  AKA "CHRISTIAN ABBEY,"<br>  AKA "KRIZ,"<br>  AKA "XTIAN,"<br>  AKA "THE-ONE,"<br>  AKA "THE-OFAN,"<br>  AKA "AKHATSEC,"<br>  AKA "HERTHOES" | Criminal Indictment<br><br>No. **1:21-CR-0416**<br><br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
## Wire Fraud Conspiracy
## (Title 18, United States Code, Section 1349)

1. Beginning on an unknown date, but at least by in or about August 2019, and continuing through on or about the date of this Indictment, in the Northern District of Georgia, and elsewhere, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, together with others unknown to the Grand Jury, did knowingly conspire to devise and intend to devise a scheme and artifice to defraud companies and entities in the United States, the United Kingdom, and elsewhere, and to obtain money and property from those entities, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### Background

At all material times herein:

2. "Spear phishing" was a malicious email spoofing scheme where the perpetrator sends emails that target a specific organization or individual under the guise that the sender is a trusted source.

3. A "business email compromise" or "BEC" scheme was a type of computer intrusion that occurs when an individual or employee of a company is tricked into interacting with an email message that

appears to be, but is not, legitimate, such as an email received from a spear phishing scheme. Often, the individual or employee is tricked into entering their computer access credentials such as their network username and password. The illegitimate email sometimes contains either an attachment or link to a malicious website.

4. "Credential harvesting" involves the gathering of access credentials such as employee usernames and passwords, either through spear phishing, BEC schemes, or other schemes, and retaining and storing the credentials on computer servers or other media for future illegal use.

5. "SendGrid" was a mass-email-marketing service.

6. Victim-1 was a corporation operating and located in the United Kingdom.

7. Victim-2 was a corporation operating and located in the State of Massachusetts.

8. Victim-3 was a law enforcement agency operating and located in the United Kingdom.

9. Victim-4 was a corporation operating and located in the United Kingdom.

10. Victim-5 was a corporation operating and located in the United Kingdom.

11. The defendant, CHRISTIAN AKHATSEGBE, was residing in the metro-Atlanta area, within the Northern District of Georgia.

12. The defendant, EMMANUEL AIYE AKHATSEGBE, was residing in or around Lagos, Nigeria.

### Object of the Conspiracy

13. The defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, and their conspirators, engaged in a spear phishing, credential harvesting, and business email compromise scheme, which involved sending phishing emails, by and through stolen SendGrid accounts, to victim companies and agencies; stealing and attempting to steal access credentials belonging to employees of the companies and agencies; harvesting the access credentials on computer servers; using and attempting to use the stolen credentials to access the protected computers of the victims; and sending fraudulent invoices to victims requesting payment of funds to bank accounts associated with the conspirators.

### Manner and Means

14. The manner and means by which the scheme and artifice to defraud was sought to be accomplished included, among others, the following:

    a. The defendants and their conspirators sent spear phishing emails to employees at various companies in the United States and United Kingdom, among other locations. The defendants and their conspirators sent at least some of these emails with email-delivery services, including SendGrid. Some of the emails contained a link to a webpage that was designed to

      look like a login page for Microsoft Office but that actually captured email account credentials for the defendants and their conspirators to use for fraudulent purposes.

  b. The defendants and their conspirators used the credentials to access email accounts they were not authorized to access.

  c. The defendants and their conspirators created fraudulent invoices that were designed to look like authentic invoices seeking payment from the victim organization for goods or services.

  d. The defendants and their conspirators accessed email accounts of employees at victim organizations using the account credentials they unlawfully obtained. Using the unlawfully obtained credentials, the defendants and their conspirators sent emails to other employees at the victim organizations. The emails contained the fake invoices that requested payment that the victim organizations did not owe into bank accounts connected to the conspirators.

## General Allegations

### Victim-1

15. In or about November 2019, an employee of Victim-1 received a phishing email, which resulted in her credentials being logged, stolen, and later stored on a computer server that was accessed and maintained by the defendants and their conspirators.

16. On or about November 27, 2019, the defendants and their conspirators, using the access credentials stolen from Victim-1, sent an email to another Victim-1 employee, which appeared to originate from one of Victim-1's vendors. The email attached a fraudulent invoice in the amount of 498,000 Hong Kong dollars and requested that Victim-1 send payment to a bank in Hong Kong.

17. On or about November 29, 2019, the defendants and their conspirators, using the credentials stolen from Victim-1, sent another email to the Victim-1 employee, this time attaching a new invoice that requested payment in the amount of $434,383.45 in USD.

18. On or about November 29, 2019, Victim-1 paid the invoice and wired payment in the amount of $434,383.45 USD from its United Kingdom-based bank account to the perpetrators' bank account in Hong Kong.

### Victim-2

19. On or about December 19, 2019, an employee of Victim-2 received a phishing email that the conspirators sent using a SendGrid account. The email appeared to be a message from a Xerox scanner and contained a hyperlink that directed the employee to enter his network username and password on an illegitimate login webpage that was crafted to appear as a legitimate login page. When the employee entered his username and password on the fictitious page, his credentials were logged, stolen, and later stored on a computer

server accessed and maintained by the defendants and their conspirators.

20. On or about December 23, 2019, the defendants and their conspirators, using the credentials stolen from Victim-2, sent an email to another Victim-2 employee, which appeared to originate from one of Victim-2's vendors. The email attached a fraudulent invoice in the amount of $498,000 USD and requested that Victim-2 send payment to a bank in Hong Kong.

21. On or about December 23, 2019, Victim-2 paid the invoice, wiring payment from a U.S.-based bank account in the amount of $498,000 USD to the bank account in Hong Kong.

22. On or about December 27, 2019, the defendants and their conspirators, using the credentials stolen from Victim-2, sent an email to another Victim-2 employee, which again appeared to originate from one of Victim-2's vendors. The email attached another fraudulent invoice in the amount of $498,000 USD and requested that Victim-2 send payment to a bank in Hong Kong.

23. On or about December 30, 2019, Victim-2 paid this second invoice by wiring another payment in the amount of $498,000 USD to the perpetrators' bank account in Hong Kong.

### Victim-3

24. On or about January 16, 2020, an employee of Victim-3 received two phishing emails that were sent using SendGrid accounts. The sources of the emails were spoofed to appear as though they were

from Victim-3's domain, and the emails contained a link to a website that appeared to be a legitimate Microsoft Office login page but was actually a credential harvester.

25. The credential harvester that the conspirators linked to in the first email was hosted on a server called GIFTIN111. The credential harvester that the conspirators linked to in the second email was hosted on a server called GIFTIN222. Both servers were set up on January 16, 2020 and purchased with the same Microsoft Azure subscription.

26. The Victim-3 employee entered her username and password on the credential-harvesting page hosted on GIFTIN111, and her credentials were captured and stored on a file on the GIFTIN111 server named emails_and_pass.txt.

### Victim-4

27. On or about January 16, 2020, an employee of Victim-4 received a similar phishing email that was sent using a SendGrid account. The source of the email was spoofed to appear as though it came from Victim-4's domain, and the email had a link to the credential harvester hosted on the server GIFTIN111. When the employee entered her username and password on the fictitious login page, her credentials were captured and stored on the file on the GIFTIN111 server named emails_and_pass.txt.

28. On or about January 24, 2020, the defendants and their conspirators, using the credentials stolen from Victim-4, sent an email to another

Victim-4 employee, which appeared to originate from one of Victim-4's vendors. The email attached a fraudulent invoice in the amount of $498,000 USD and requested that Victim-4 send payment to a bank in Hong Kong. Victim-4 recognized the invoice as fraudulent and did not remit payment.

### Victim-5

29. In or about April 2020, an employee of Victim-5 also received a phishing email, which resulted in her credentials being logged, stolen, and later stored on a computer server that was accessed and maintained by the defendants and their conspirators.

30. On or about April 7, 2020, the defendants and their conspirators, using the credentials stolen from Victim-5, sent an email to another Victim-5 employee, which appeared to originate from one of Victim-5's vendors. The email attached a fraudulent invoice in the amount of $980,000 USD and requested that Victim-5 send payment to a bank in Hong Kong. Victim-5 recognized the invoice as fraudulent and did not remit payment.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### Conspiracy to Commit Computer Fraud and Abuse – Unauthorized Access
### (Title 18, United States Code, Section 371)

31. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 30 of this Indictment as if fully set forth herein.

32. Beginning on an unknown date, but at least by in or about August 2019, and continuing through on or about the date of this Indictment, in the Northern District of Georgia, and elsewhere, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, did knowingly and intentionally conspire and agree to commit an offense against the United States, that is:

    a. To access protected computers without authorization and thereby obtain information from protected computers for purposes of commercial advantage and private financial gain, with the value of such information exceeding $5,000, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B)(i) and 1030(c)(2)(B)(iii).

### Overt Acts

33. In furtherance of the conspiracy and to effect its unlawful object, the defendants and their conspirators committed and caused to be committed the following overt acts in the Northern District of Georgia and elsewhere:

34. In or about August 2019, the conspirators set up a Microsoft Azure virtual machine to facilitate the spear phishing and BEC scheme against the victims.

    a. On or about August 19, 2019, the conspirators purchased a Microsoft Azure subscription using the email address of K.W. (without K.W.'s permission), and a MasterCard account ending in *2519.

    b. On or about August 28, 2019, the conspirators purchased a Microsoft Azure cloud computing subscription for a virtual machine (VM) using the same MasterCard account ending in *2519 and the email address of P.S.

    c. The conspirators saved K.W.'s and P.S.'s email account credentials in a file on the Azure VM's desktop named "Azure.txt."

35. On or about October 9, 2019, the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, posted in an online hacker forum that he was looking to purchase SendGrid account credentials in bulk.

36. On or about January 11, 2020, the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, sent the defendant EMMANUEL AIYE AKHATSEGBE a file containing approximately 200 stolen SendGrid account credentials.

37. On or about January 16, 2020, the conspirators used the Azure subscription tied to K.W.'s email address to set up two servers designed to facilitate the unlawful collection of email account credentials.
    a. The servers each hosted a webpage that was designed to look like a legitimate login page for Microsoft Office but actually collected the email account credentials that individuals submitted.
    b. The conspirators programmed at least one of the servers to automatically email the stolen account credentials to an email account that they controlled.
    c. The conspirators also programmed each server to store the stolen account credentials in a text file, which was stored on the same server that hosted the respective fake Microsoft login page. The text file on the server named GIFTIN111 was named emails_and_pass.txt and contained approximately 254 unique username and password combinations for email accounts.
38. On or about February 3, 2020, the defendant EMMANUEL AIYE AKHATSEGBE, and the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, discussed the fact that Microsoft Corporation flagged and removed their credential-harvester website hosted on GIFTIN111.
39. On or about February 18, 2020, the defendant EMMANUEL AIYE AKHATSEGBE purchased software from an online vendor that

enabled him to import thousands of email addresses and then send a customizable phishing email to the email account holders.

40. On or about February 18, 2020, the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, paid the vendor referenced above for the phishing software at the request of the defendant EMMANUEL AIYE AKHATSEGBE. Thereafter, the defendant CHRISTIAN AKHATSEBE confirmed to the defendant EMMANUEL AIYE AKHATSEGBE that the invoice had been paid.

41. On or about March 3, 2020, the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, sent the defendant EMMANUEL AIYE AKHATSEGBE a file that contained approximately 35 stolen SendGrid credentials.

42. On or about March 3, 2020, the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, sent the defendant EMMANUEL AIYE AKHATSEGBE the stolen credentials for an email account controlled by K.W., the same email account used to register the credential harvesters hosted on the GIFTIN111 and GIFTIN222 servers. The defendant CHRISTIAN AKHATSEGBE indicated in the messages that he had logged into the email account in the past.

43. On or about March 7, 2020, the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, received from the defendant EMMANUEL AIYE

AKHATSEGBE the stolen password from an email account controlled by G.P., an employee of a real estate company, who was working in the metro-Atlanta area.

44. On or about March 20, 2020, the defendant CHRISTIAN AKHATSEGBE, while he was located in the Northern District of Georgia, purchased approximately 200 stolen Sendgrid accounts on a criminal online marketplace, for the purpose of using them in the phishing and BEC scheme.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE

### Access Device Fraud – Possession of 15 or More Access Devices
### (Title 18, United States Code, Section 1029(a)(3))

45. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 30 and 33 through 44 of this Indictment as if fully set forth herein.

46. On or about November 10, 2020, in the Northern District of Georgia, and elsewhere, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, aided and abetted by each other and persons unknown to the Grand Jury, knowingly and with intent to defraud possessed 15 or more unauthorized access devices, namely stolen email account credentials, said possession affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and (c)(1)(A)(i) and Section 2.

## COUNT FOUR

### Aggravated Identity Theft
### (Title 18, United States Code, Section 1028A)

47. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 30 and 33 through 44 of this Indictment as if fully set forth herein.

48. On or about March 3, 2020, in the Northern District of Georgia, and elsewhere, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, aided and abetted by each other and others unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely the stolen password from an email account controlled by K.W., during and in relation to felony violations enumerated in Title 18, United States Code, Section 1028A(c), to wit, conspiracy to commit wire fraud and access device fraud, as alleged in Counts One and Three of the Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## COUNT FIVE

### Aggravated Identity Theft
### (Title 18, United States Code, Section 1028A)

49. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 30 and 33 through 44 of this Indictment as if fully set forth herein.

50. On or about March 7, 2020, in the Northern District of Georgia, and elsewhere, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, aided and abetted by each other and others unknown, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely the stolen password from an email account controlled by G.P., during and in relation to felony violations enumerated in Title 18, United States Code, Section 1028A(c), to wit, conspiracy to commit wire fraud and access device fraud, as alleged in Counts One and Three of the Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## FORFEITURE PROVISION

51.     Upon conviction of the offense alleged in Count One of this Indictment, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to a violation of said offense, including but not limited to, a personal forfeiture money judgment representing the amount of proceeds obtained as a result of the offense.

52. Upon conviction of the offense alleged in Count Two of this Indictment, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property

constituting, or derived from, proceeds obtained directly or indirectly as a result of said violations, and pursuant to Title 18, United States Code, Section 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such violations and any property, real or personal, constituting or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including, but not limited, to a personal forfeiture money judgment representing the amount of proceeds obtained as a result of the offenses.

53.   Upon conviction of the offense alleged in Count Three of this Indictment, the defendants, EMMANUEL AIYE AKHATSEGBE and CHRISTIAN AKHATSEGBE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, and pursuant to Title 18, United States Code, Section 1029(c), any personal property used or intended to be used to commit the offense, including, but not limited, to a money judgment representing the amount of proceeds obtained as a result of the offense.

54.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b), 1029(c) and 1030(i) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

A True BILL

[signature] 10/26/21
FOREPERSON

KURT R. ERSKINE
*Acting United States Attorney*

*Michael Herskowitz*
MICHAEL HERSKOWITZ
*Assistant United States Attorney*
Georgia Bar No. 349515

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000

LINDSAY BAXTER
*Trial Attorney*
District of Columbia Bar No. 1602345
U.S. Department of Justice, Criminal Division
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W.
Washington, D.C. 20530
202-514-1026